# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| CARRIE BERTOT, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:10-CV-58-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability, disability insurance benefits and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a

preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

# ISSUES

I. **Did the ALJ err in rejecting the opinion of the treating physician?**

II. **Did the ALJ err in failing to properly consider Claimant's subjective allegations of pain?**

III. **Did the ALJ err in failing to properly consider the combination of Claimant's impairments?**

## Administrative Proceedings

Claimant protectively applied for a period of disability, disability insurance benefits (DIB) and supplemental security income (SSI) on September 19, 2006, alleging disability as of July 15, 2003. (Tr. 95, 100; ECF No. 8.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a video hearing on June 17, 2009, and following the hearing, the ALJ issued an unfavorable decision on October 27, 2009. (Tr. 9-20.) The Appeals Council subsequently denied Claimant's Request for Review on June 12, 2010. (*Id.*) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since February 15, 2002. (Tr. 13.) The ALJ also concluded that as of December 31, 2006, her last date insured, Claimant's chronic fatigue syndrome, fibromyalgia, headaches, gastroparesis, depression and anxiety were severe, but that they – or any combination of

4

her impairments – did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 11.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform the full range of sedentary work, except that she should be limited to low stress environments and only occasional contact with the public. (Tr. 13.) The ALJ determined that Claimant could not perform her past relevant work and that there were jobs that existed in significant numbers in the national economy that she could perform. (Tr. 19.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.      Did the ALJ err in rejecting the opinion of the treating physician?**

In the first issue, Claimant argues that the ALJ's decision was not supported by substantial evidence where he improperly rejected the medical opinion of her treating physician. (Pl.'s Mem. of Law 1, ECF No. 10.) Claimant further contends that new and material evidence she submitted establishes that the treating physician's opinion was supported by the medical evidence. (*Id.*)

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. It is well settled that the opinion of a treating

physician is entitled to substantial weight unless "good cause" exists for not heeding it. *Phillips v. Barnhart*, 357 F. 3d 1232, 1241 (11th Cir. 2004). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d).

Even if a medical opinion is not entitled to controlling weight, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause

6

exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). A physician qualifies as a "treating source" if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition(s)." 20 C.F.R. § 404.1502. As stated above, if controlling weight is not given to a treating physician's opinion, the ALJ is required to give "good reasons" for the weight given to this opinion. 20 C.F.R. § 404.1527(d)(2). Where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *See Moore v. Barnhart*, 405 F. 3d 1208, 1212 (11th Cir. 2005) (per curiam).

In this case, the ALJ did not give controlling weight to the opinion of Dr. Kirk Melville, M.D., Claimant's treating primary care physician, who completed a Medical Opinion Re: Ability to do Work-Related Activities (Physical) form. (Tr. 14-18, 372-74.) After review of the record, it is found that the ALJ articulated his reasons for giving less weight to the opinion of Dr. Melville and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including treatment notes of Dr. Melville, which he found to be based mainly on Claimant's subjective allegations of pain. (Tr. 18.) In the Medical Opinion form, Dr. Melville indicated that his opinion was based on Claimant's chronic fatigue and fibromyalgia, neither of which Claimant was

7

specifically diagnosed with during the relevant time period.[2] (Tr. 273-274.) The treatment notes were also inconsistent with the opinion of the consultative examiner and medical expert. (Tr. 18.) The ALJ noted that both state agency physicians' opinions were entitled to little weight because he found that Claimant was more functionally limited than they did. (*Id.*) The ALJ's decision is further based on his finding that the symptoms and limitations as subjectively alleged by the Claimant were credible only to the extent that Claimant could perform work as prescribed by the RFC finding. (*Id.*)

In this case, the ALJ stated specific reasons for not giving Dr. Melville's opinion controlling weight, thereby complying with the Regulations, as found at 20 C.F.R. § 416.927(d)(2)-(6). The record further reveals that the ALJ provided good cause for failing to give the opinion of Dr. Melville controlling weight. Upon review of the entire record, therefore, the ALJ appears to have committed no error in weighing or discounting the opinions of the various medical sources, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

Claimant also contends that new and material evidence in the form of medical records by Dr. Cynthia Lawrence-Eliott, Dr. Kerry King, and Dr. Robert Cowles, which were submitted to the Appeals Council but not considered, supports the opinions of Dr.

---

[2] It is noted that mere diagnoses of impairments are not, in themselves, determinative of disability. Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself. *See* 42 U.S.C. § 423(d)(1)(A).

Melville and requires remand of her case.[3] (Pl.'s Mem. 16.)  While new evidence submitted to the Appeals Council is part of the record on appeal, when the Appeals Council has denied review, the court can only look to the evidence actually presented to the ALJ in determining whether his decision is supported by substantial evidence. *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).  Only when new evidence is not properly presented to the Appeals Council or is first presented to the district court, is remand under sentence six of 42 U.S.C. § 405(g) appropriate.  In evaluating whether a case should be remanded under sentence six, the claimant must demonstrate (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985). Furthermore, pursuant to 20 C.F.R. § 404.970(b), to be considered material for these purposes, the new evidence must relate to the period on or before the ALJ's hearing decision.

The evidence at issue is medical records from a rheumatologist, Dr. Lawrence-Elliott, M.D., a gastroenterologist, Dr. King, M.D., and a urologist, Dr. Cowles, M.D. (Pl.'s Mem. 40-76; ECF No. 10-2, 10-3, 10-4 and 11-1.)  The records from Dr. Cowles and Dr. Lawrence-Elliot, which are dated from November 2009 through April 22, 2010,

---

3 There is no reference to these records in the record and Claimant offers no proof, other than a copy of the UPS shipping label (not the delivery confirmation), that the records were actually received by the Appeals Council.

as well as one office visit to Dr. King dated November 13, 2009, do not relate back to the time period at issue and further fail to establish that Claimant's impairments, as they existed at that time, had worsened. As such, those records are not material. As to the remaining records of Dr. King, which include reports of office visits from June through December of 2007, Claimant has failed to establish good cause for failing to submit this evidence at the administrative level. Even if she had, however, the evidence would not require remand as it could not reasonably be expected to have changed the result as determined by the ALJ. Therefore, no remand is required as to this issue.

**II. Did the ALJ err in failing to properly consider Claimant's subjective allegations of pain?**

Claimant next argues that the ALJ erred by discrediting her testimony regarding her alleged pain, fatigue and other limitations. (Pl.'s Memo. 18.) 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, as explained above, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

> Regarding credibility, Social Security Regulation 96-7p reads:
>
> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id*.

Here, the ALJ's findings reveal that he reviewed the medical evidence of record, as well as the testimony of Claimant, ultimately concluding that the Claimant was credible only to the extent consistent with his residual functional capacity assessment that

she could perform the full range of sedentary work, with some limitations. (Tr. 13.) Applying the *Holt* test to this Claimant's pain allegations, it is found that Claimant failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain.

Therefore, although the Claimant argues that the ALJ erred in discounting her pain allegations, this court finds no error in the decision. The ALJ applied the appropriate legal standards as to the Claimant's allegations of pain and resulting RFC, and the decision is supported by substantial evidence.

**III.    Did the ALJ err in failing to properly consider the combination of Claimant's impairments?**

Lastly, Claimant argues that the ALJ erred in failing to consider the combined effects of her non-exertional and severe impairments on her ability to work. (Pl.'s Mem. 24.) The Eleventh Circuit has repeatedly held that the Commissioner is required to consider all impairments and their effects when determining disability claims. *See Davis v. Shalala* 985 F.2d 528, (11th Cir. 1993); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). The Regulations state that if, at step two of the five step process of determining disability, it is found that a medically severe combination of impairments exists, the combined impact of the impairments will be considered throughout the disability determination process. *See* 20 C.F.R. §§ 404.1523 and 416.923. Pursuant to 20 C.F.R. §§ 404.1523 and 416.923, an ALJ is then required to consider each of the

impairments in combination to determine their impact on the Claimant at all later stages in his determination.

In this case, the ALJ found that the Claimant had impairments which are considered severe for purposes of 20 C.F.R. § 404.1520(c). Based on his review of the medical record that Claimant's physical impairments did not meet any of the relevant Listings. (Tr. 12.) As to her mental impairments, the ALJ then determined, pursuant to Listing 12.04 as found in 20 C.F.R. § 416.920 (c), that Claimant had only moderate limitations in the areas of daily living, concentration, persistence and pace, and maintaining social functioning, and no episodes of deterioration or decompensation. (T-13.)

The Eleventh Circuit has held that "[w]hen a claimant alleges several impairments, the ALJ has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled. The ALJ can satisfy this duty by stating that he considered whether the claimant suffered from any impairment or combination of impairments." *Sneed v. Barnhart*, 214 F. App'x 883, 887 (11th Cir. 2006); citing *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). In this case, the ALJ specifically stated that "claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." Thus, it is clear from the ALJ's statement, as well as his discussion of her impairments, that he considered Claimant's impairments in

13

combination. *See Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir.1986) (per curiam). As such, this claim must fail.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 20th day of June, 2011.

S/ Stephen Hyles                .
UNTED STATES MAGISTRATE JUDGE